|  |  |
|---|---|
| **EILEEN SCHRECK**, | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| -vs- | Hon. Dennis M. Cavanaugh |
| | Civil Action No. 08-5729 (DMC) |
| **WALMART, et al.**, | |
| | <u>ORDER</u> |
| Defendants. | |

**THIS MATTER** having come before the Court by way of co-Defendant Walmart's ("Walmart") motion to amend its Answer to add crossclaims for contribution and indemnification against co-Defendant Hallmark Cards, Inc. ("Hallmark") [CM/ECF Docket No. 15]. And it appearing that:

1. Plaintiff Schreck brought suit against Walmart for a personal injury allegedly incurred as a result Walmart's failure to exercise reasonable care in the operation and maintenance of one of its stores. Plaintiff alleges that a piece of a Hallmark store display located in Walmart fell into the aisle and that the article in the aisle was the cause of her slip and fall.

2. On March 27, 2009, Plaintiff Schreck amended her original complaint to add Hallmark as a co-defendant.

3. Walmart filed an amended answer on April 6, 2009.

4. On October 27, 2009, Walmart filed a motion to amend the answer for a second time in order to assert cross-claims for contribution and indemnification against Hallmark.

5. Hallmark opposes the motion as untimely and beyond the date for amending the pleadings set forth in the scheduling order at May 1, 2009.

6. Counsel for Walmart admits he mistakenly failed to timely assert the crossclaim in his answer and states is was simple "inadvertence." (Co-Defendant Walmart's Certification). Walmart claims that the filing of the motion will not delay the

completion of discovery in any manner nor will Hallmark be prejudiced at this juncture of the litigation should the request to amend be granted.

7. Fed. R. Civ. P. 13(g) permits one party to file a crossclaim against a coparty "if the claim arises out of the transaction and occurrence that is the subject matter of the original action . . . ."  The rule permits claims for indemnification and contribution. Id.

8. Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court is to freely grant leave "when justice so requires." Id. The decision to grant a motion to amend a pleading rests in the sound discretion of the district court. Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330 (1970). Generally, leave to amend should be granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies through previous amendments; or (5) futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

9. However, when the Court has entered a scheduling order, as is the case here, Rule 16(b) governs the amendment of pleadings. Dimensional Communications v. Oz Optics, 148 Fed. Appx. 82, 85 (3d Cir. 2005); Eastern Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000). Rule 16(b) provides: "A schedule shall not be modified except upon a showing of good cause" if the motion to amend is filed after the last day for such motions as provided for in the Court's scheduling order. Fed. R. Civ. Pro. 16(b).

10. The simple assertion of "inadvertent mistake" may not in certain cases constitute "good cause" to move to amend after the scheduling order deadline. However, in the context of this straightforward slip and fall case it is understandable and satisfies the standard. In so deciding, the Court also considers the nature of the amendment, a standard and expected crossclaim for contribution and indemnification. Moreover, the Court is satisfied that the amendment will cause no delay. Most important, Hallmark will not be prejudiced in any manner if the amendment to the answer is granted.

11. Given the broad discretion with which the Court may permit a party to amend its pleadings, see <u>Zenith Radio Corp. v. Hazeltine Research Inc.</u>, 401 U.S. 321, 330 (1970) and based on the totality of the circumstances and in the interests of justice;

**IT IS on this 8th day December;**

**ORDERED** that co-Defendant Walmart's motion to amend co-Defendant Walmart's Answer to add crossclaims for contribution and indemnification against co-Defendant Hallmark Cards, Inc. is **granted.**

/s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**