NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| | : | |
| EILEEN SCHRECK, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 08-CV-05729 (DMC) |
| | : | |
| WAL-MART STORES, INC., et al | : | |
| | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Hallmark Marketing Corporation ("Hallmark" or "Defendant"), improperly pled as Hallmark Cards, Inc., to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for a an entry of summary judgment in Defendant's favor pursuant Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard.  After considering the submissions of all parties, and based upon the following, it is the decision of this that Defendant's motion to dismiss is **denied** and Defendant's motion for summary judgment is **denied**.

I.      **BACKGROUND**

On November 2, 2006, Eileen Schreck ("Plaintiff") alleges she was injured on the Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant"), improperly pled as Wal-Mart Stores, Inc, premises

in Piscataway, New Jersey.  Plaintiff's complaint concerns a slip and fall arising as a consequence of a piece of plastic present in the greeting card aisle.

Plaintiff initially tried to resolve this matter on her own with Wal-Mart, but the results were unsuccessful.  On October 23, 2008, Plaintiff filed an initial complaint in the New Jersey Superior Court, Law Division, Middlesex County.  Plaintiff's initial complaint asserts claims against John Doe Defendants, identified as "entities and/or individuals [that] may have been responsible for designing, constructing and/or maintaining the store display from which the piece fell that caused Plaintiff's fall."

On November 20, 2008, Wal-Mart removed the action to  the United States District Court for the District of New Jersey on the basis of diversity.  Pursuant to a scheduling conference, on January 23, 2009 Wal-Mart represented that an agreement existed between Wal-Mart and Hallmark concerning responsibility and maintenance of the greeting card aisle.  At a subsequent conference, on March 19, 2009, Wal-Mart indicated that an investigation revealed the potential liability of Hallmark pursuant to this agreement.  On March 27, 2009, Plaintiff filed an amended complaint naming Hallmark as Defendant.  On April 1, 2009, an amended complaint was served on Defendant Hallmark via certified mail.[1]

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to

---

[1]

Service on this date is alleged as improper by Defendant Hallmark.  Hallmark asserts that proper service was not effected until April 28, 2009.

accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).   "While a complaint attacked  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,  550 U.S. 544, 555 (2007).  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).   "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." Bell at 555-56.

       B.    *Summary Judgment*

      "A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Gaston v. U.S. Postal Serv., 2009 U.S. App. LEXIS 5673 (3d Cir. 2009).  However, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

      "A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b).  "[T]he burden on the moving party may be discharged by "showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v.

<u>Cartrett</u>, 477 U.S. 317, 325 (1986).  "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c)." <u>Celotex</u>, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

> When a motion for summary judgment is properly made and supported, [by contrast,] an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986) (internal citations omitted).  Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." <u>See</u> <u>Schoch v. First Fid. Bancorp.</u>, 912 F.2d 654, 657 (3d Cir. 1990).  Rule 56(e) permits "a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" <u>Id</u>. (quoting <u>Lujan v. National Wildlife Fed'n.</u>, 497 U.S. 871, 889 (1990)).  "It is clear enough that unsworn statements of counsel in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56(e) than are the unsupported allegations of the pleadings." <u>Schoch</u>, 912 F.2d at 657.

"A movant is not automatically entitled to summary judgment simply because the non-movant fails to oppose the motion." Johnson v. City of Asbury Park, 2009 U.S. Dist. LEXIS 115518, *5 (D.N.J. Dec. 11, 2009) (citing <u>Anchorage Assoc. v. V.I. Bd. of Tax Rev.</u>, 922 F.2d 168, 175 (3d Cir. 1990)).  "Instead, Rule 56 provides that the Court may grant the unopposed motion 'if appropriate.'"

Id.  "An unopposed motion is appropriately granted if the Court, following an analysis on the merits, determines that the movant is entitled to judgment as a matter of law."  Id.

## III.    DISCUSSION

  A.    Failure to State a Claim

    1.    Fed. R. Civ. P. 15(c)(1)

"Rule 15 applies a stringent standard for a plaintiff seeking to relate back the joinder of a party." Jordan v. Tapper,143 F.R.D. 575, 580 (1992).  "An amendment of a pleading relates back to the date of the original pleading when:"

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Jordan v. Tapper,143 F.R.D. 575, 580 (1992).

First, the Court must assess whether the underlying state law permits relation back. Id. at 581. "[T]hrough the fictitious party rule embodied in *New Jersey R.* 4:26-4, courts in New Jersey have permitted plaintiffs to avoid the statute of limitations where they are unable to ascertain the true name of a defendant during the limitations period. *R.* 4:26-4, reads in relevant part:"

5

> In any action, . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient to identify him. Plaintiff shall on motion, prior to judgment, amend his complaint to state defendant's true name. . . .

"This rule allows the plaintiff to amend his complaint after the limitations period has run, even if the defendant did not have notice of the action within the statutory time limit." Id. "A court will allow the plaintiff to amend his complaint after the statute of limitations has expired where justified upon a 'proper balance of considerations of individual justice and repose. . . .'" Id. (citing Farrell v. Votator Div. of Chemetron Corp., 56 N.J. 111, 122 (1973). In that regard,

> [f]actors include the diligence with which plaintiff sought to identify the defendant, the speed with which the complaint was amended and the defendant served, the impact that passage of time has had on the ability to gather evidence, and any prejudice to the defendant. Prejudice will not be found in defendant's inability to assert the statute of limitations as a defense[.]

Id. "R. 4:26-4 requires that the plaintiff provide an appropriate description of the fictitiously named defendant in order to permit the relation back of an amendment after the statute of limitations has expired." Id..

Defendant asserts that Plaintiff failed to exercise due diligence to ascertain the identity of the John Does named in the original complaint. Defendant contends that Plaintiff failed to comply with an "obligation to investigate all potentially responsible parties in a timely manner." Matynska v. Fried, 175 N.J. 51, 53 (2002). Defendant asserts that a simple inquiry to Wal-Mart would have been sufficient to put Plaintiff on notice that Hallmark was a potential Defendant.

Following the accident, Plaintiff first attempted to resolve the incident with Wal-Mart on her own. During the course of discussions between Plaintiff and Defendant Wal-Mart, there was never

any indication, either by direct communication or by indirect reference through any report, that an entity or individual other than Wal-Mart was responsible for the maintenance of the aisle where Plaintiff fell.  Further, Plaintiff contends that the first time Plaintiff learned Hallmark might bear responsibility for the maintenance of the aisle was not until a scheduling conference on January 23, 2009.  On March 19, 2009, following an investigation, Wal-Mart confirmed that Hallmark was allegedly responsible for aisle maintenance pursuant to an agreement between Defendants.  On March 27, 2009, Plaintiff filed an amended complaint naming Hallmark as Defendant.  On April 1, 2009, the complaint was served on Defendant Hallmark via certified mail.

Plaintiff's complaint identifies John Doe Defendants as "entities and/or individuals [that] may have been responsible for designing, constructing and/or maintaining the store display from which the piece fell that caused Plaintiff's fall."  Upon asserting the existence of John Does in Plaintiff's complaint, the obligation to ascertain or investigate the identity of these alleged John Does arises. Unfortunately, Plaintiff fails to present the Court with evidence of any measures taken to identify these alleged John Does.  "As part of the Rule, [ ] the plaintiff is required to exercise due diligence to learn the identity of the fictitious person prior to the running of the Statute of Limitations, and lack of due diligence precludes reliance on this fictitious designation." Greczyn v. Colgate-Palmolive, 183 N.J. 5, 11 (2005).  Where Plaintiff files an initial complaint in a timely manner, "but is dilatory in seeking the fictitious party's name [the claim] is likewise barred." Id. at 19.  Although Plaintiff contends that Defendant Wal-Mart did not put Plaintiff on notice of the potential liability of Defendant Hallmark pursuant to an agreement between Defendants until the status conference, Plaintiff's obligation to undertake some investigatory measures in an effort to identify the alleged John Does is not negated by an alleged absence of notice.  Therefore, relation back is not permitted

7

pursuant to this provision.

        2.     Fed. R. Civ. P. 15(c)(3)

  If Plaintiff fails to meet the requirements of Fed. R. Civ. P. 15(c)(1), then "the Court must apply Rule 15(c)(3) which alters the fourth Schiavone requirement by providing that the party added must have received notice within the period for service of the summons and complaint, rather than within the limitations period." Jordan, 143 at 575.    "Under Rule 4(m), a party has 120 days in which to serve the summons and complaint after it is filed." Yanez v. Coastal Transportatiom, Inc., 68 F. Supp. 2d 489, 492 n.3 (D.N.J. 1999)  Both parties recognize that Rule 4(m) has been subject to varying interpretations.  Some courts hold that the 120-day extension is measured from the date of the filing of the original complaint while others hold that the 120-day extension is measured from the date of expiration of the governing statute of limitations. Id. at 493.

    Defendant represents that based on the filing of the original complaint, dated October 23, 2008, the 120-day extension permitted by Fed. R. Civ. P. 15(c)(3) lapsed before Plaintiff effected service of the summons and complaint upon Defendant Hallmark.  Moreover, Defendant argues that even if the statute of limitations was extended 120 days beyond the two year statute of limitations governing the expiration of a personal injury claim accruing on November 2, 2006, Plaintiff's service of the amended complaint on April 1, 2009 fails to comply with the requisite time period established by Rule 4(m).

    By contrast, Plaintiff asserts that the Rule 15(c)(3) provision only requires that  Defendant be on notice, whether constructive or imputed, of the institution of the action, not that actual service of the summons and complaint be effected.  Along with sufficient notice, Plaintiff acknowledges that

Defendant cannot be unfairly prejudiced and must know or should have known, but for a mistake in identity the action would have been instituted against Defendant initially.

The Court agrees and imputes Defendant with constructive notice of the litigation based upon discussions between Defendant Wal-Mart and Defendant Hallmark concerning Harllmark's prospective liability pursuant to an agreement between the parties under which Hallmark allegedly is responsible for maintaining the aisle.  See Yanez, 68 F. Supp. 2d at 493-94 (citing Byrd v. Abate, 964 F. Supp. 140 (S.D.N.Y. 1997))(Constructive notice is sufficient for purposes of satisfying Rule 15(c)(3)). Counsel for Wal-Mart represented to Plaintiff that Wal-Mart requested Hallmark to defend and indemnify Wal-Mart prior to the March 19, 2009 status conference.  Applying the 120-day extension from the date of expiration of the underlying statute of limitations, November 2, 2008, the questions arises as to whether Wal-Mart contacted Hallmark prior to the expiration of that 120-day period.

Assuming, without concluding, Hallmark possessed constructive notice prior to the expiration of the 120-day extension, the Court looks to whether Hallmark will incur prejudice in maintaining a defense on the merits.  Discovery is ongoing and depositions have been halted until a resolution of the present motion is concluded.  Additionally, Defendant Hallmark's interest has been represented by Defendant Wal-Mart to date.  Lastly, in entering an agreement whereby Hallmark allegedly assumes responsibility for the display, construction and/or maintenance of the portion of the aisle where the injury occurred, Hallmark knew or should have known that it would be vulnerable for suit if an injury arose.

Therefore, the Court will permit additional discovery concerning the issue of constructive

notice

### B.    Summary Judgment

Defendant Hallmark's request for an entry of summary judgment in its favor appears to rest on whether the statute of limitations with respect to Hallmark has expired.  An issue of fact is present concerning whether Hallmark possessed constructive notice of Plaintiff's complaint prior to the expiration of the 120-day extension.  Therefore, summary judgment is **denied.**

### C.    Indemnification/Contribution

Even if Defendant Hallmark were to prevail on its motion for dismissal or, in the alternative, on its motion for summary judgment, Hallmark would still be potentially liable for cross-claims concerning indemnification and contribution. "The two-year statute of limitations imposed on a plaintiff's claims for personal injuries does not preclude a defendant's claim for contribution or indemnification." Mettinger v. Globe Slicing Mach. Co., 153 N.J. 371 (1998) (citing McGlone v. Corbi, 59 N.J. 86, 95 (1971) (citations omitted)). "Rather, the statute of limitations pertaining to a defendant's claim for contribution or indemnification begins to accrue when the plaintiff recovers a judgment against it." Id. "Under the entire controversy doctrine, if those claims are known, they should be asserted in the original action." Id. (citing Harley Davidson Motor Co. v. Advance Die Casting, Inc., 150 N.J. 489, 502 (1997)). There the Court determined that even if the plaintiff's claims against one defendant were barred by the statute of limitations, another defendant's claims against that defendant for contribution and indemnification can still be asserted.  This Court agrees.

**IV.** <u>CONCLUSION</u>

For the foregoing reasons, Defendant Hallmark's motion to dismiss and motion for summary judgment are **denied.**  An appropriate order accompanies this opinion.


                                                 <u>S/ Dennis M. Cavanaugh</u>

Dated:        February __16_, 2010               Dennis M. Cavanaugh, U.S.D.J.
cc:            All Counsel of Record
                 Hon. Mark Falk, U.S.M.J.
                 File